IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERCK & CO., INC., <br><br> *Plaintiff*, <br><br> v. <br><br> XAVIER BECERRA, U.S. Secretary of Health & Human Services, et al., <br><br> *Defendants*. | Civil Action No. 1:23-1615-CKK |

**UNOPPOSED MOTION OF THE AMERICAN PUBLIC HEALTH ASSOCIATION, THE AMERICAN COLLEGE OF PHYSICIANS, THE SOCIETY OF GENERAL INTERNAL MEDICINE, AND THE AMERICAN GERIATRICS SOCIETY
FOR LEAVE TO FILE AS *AMICI CURIAE*
IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT
AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Ananda V. Burra, D.C. Bar #888314469
Ben Seel, D.C. Bar #1035286
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC
(202) 448-9090
aburra@democracyforward.org
bseel@democracyforward.org

*Counsel for* Amici Curiae

Proposed *amici* American Public Health Association, the American College of Physicians, the Society of General Internal Medicine, and the American Geriatrics Society move for leave to file the attached *amicus* brief in opposition to Plaintiff's motion for summary judgment, ECF No. 23, and in support of Defendants' motion for summary judgment, ECF No. 24.  Counsel for the Parties have consented to this filing.

The Court should exercise its "inherent authority to appoint" these *amici*, who bring substantial and unique expertise to the public health issues at the center of this case.  *Jin v. Ministry of State Sec.,* 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (internal citations omitted).  *See also WildEarth Guardians v. Zinke*, 368 F.Supp.3d 41, 58 (D.D.C. 2019) (noting that courts have "wide discretion" in appointing *amici*).  Courts in this District "normally allow" leave for an *amicus* brief "when the *amicus* has unique information or [a] perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Jin*, 557 F.Supp.2d at 137 (citations omitted).  "An amicus brief is appropriate where 'the brief will assist the judges by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'"  *WildEarth Guardians*, 368 F.Supp.3d at 59 (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)).

Proposed *amici* are some of the preeminent professional organizations in the country that focus on public health and patient outcomes.  This case, relating to one of the nation's largest public health programs, with implications for the long-term health of tens of millions of Americans, falls squarely within proposed *amici*'s professional interest and expertise.  Proposed *amici*'s brief provides facts, insight, and data not to be found in the Parties' briefs, in that it provides detailed public health analysis that are absent from the Parties' respective briefs.

1

## IDENTITY AND INTERESTS OF PROPOSED *AMICI CURIAE*[1]

**American Public Health Association**

The American Public Health Association (APHA) is a professional medical organization with over 26,000 physicians across the globe, working in 33 distinct public health disciplines or programs.[2] APHA aims to improve health equity in the U.S. by producing peer-reviewed public health research, developing programs to reduce healthcare disparities, and advocating for equitable, evidence-based health policy.

Since its formation in 1948, APHA has developed and maintained a policy database with hundreds of statements that analyze health policies and provide recommendations supported by scientific evidence.[3] APHA policy statements, developed and reviewed consistent with scientific and ethical guidelines, have addressed prescription drug spending and its effects repeatedly.[4]

---

[1] Proposed *amici curiae* certify that no Party or Party's counsel authored this brief in whole or in part, or contributed money intended to fund its preparation or submission.

[2] Am. Pub. Health Ass'n, *Frequently Asked Questions*, https://www.apha.org/Membership/Frequently-Asked-Questions (choose "What is an APHA Section?") (last visited Sept. 12, 2023).

[3] *See* Am. Pub. Health Ass'n, *Policy Statement Database*, https://www.apha.org/Policies-and-Advocacy/Public-Health-Policy-Statements/Policy-Database (last visited Sept. 12, 2023).

[4] *See, e.g.*, Am. Pub. Health Ass'n, *Ensuring Equitable Access to Affordable Prescription Medications* (Nov. 8, 2022), https://www.apha.org/Policies-and-Advocacy/Public-Health-Policy-Statements/Policy-Database/2023/01/18/Affordable-Prescription-Medications; Am. Pub. Health Ass'n, *Regulating Drugs for Effectiveness and Safety: A Public Health Perspective* (Nov. 8, 2006), https://www.apha.org/policies-and-advocacy/public-health-policy-statements/policy-database/2014/07/18/09/17/regulating-drugs-for-effectiveness-and-safety-a-public-health-perspective; Am. Pub. Health Ass'n, *Creating The Healthiest Nation: Advancing Health Equity*, https://www.apha.org/-/media/Files/PDF/factsheets/Advancing_Health_Equity.ashx (last visited Sept. 12, 2023); Am. Pub. Health Ass'n, *Ensuring That Trade Agreements Promote Public Health* (Nov. 13, 2015), https://www.apha.org/policies-and-advocacy/public-health-policy-statements/policy-database/2015/12/08/16/04/ensuring-that-trade-agreements-promote-public-health.

APHA regularly serves as an *amicus* in cases that may affect public health.[5] Its briefs have been cited approvingly by the Supreme Court.[6] APHA has publicly supported the government program at issue in this case.[7]

**American College of Physicians**

The American College of Physicians (ACP) is the United States' largest professional medical society of physicians who specialize in internal medicine. With over 161,000 physicians and subject matter experts across the globe, ACP members apply scientific knowledge and clinical expertise to the diagnosis, treatment, and compassionate care of adults.[8]

The ACP advocates for improving population health and well-being by promoting inclusive and equitable healthcare access in the United States.[9] It has provided scientific evidence and professional expertise in more than 30 *amicus* briefs to advocate for issues important to internal medicine physicians and their patients.[10] Organization members of the

---

[5] *See, e.g.* Brief of Wisconsin Medical Society et al. in Support of Plaintiff-Appellee and Affirmance, *Loertscher v. Anderson & Schimel* 259 F.Supp.3d 902 (W.D. Wis. 2017) (No. 17-1936).

[6] *See, e.g.*, *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 728 n.6 (1985); *Ferguson v. City of Charleston*, 532 U.S. 67, 78 (2001); *Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 249 (2011) (Breyer, J., concurring).

[7] *See* Am. Pub. Health Ass'n, *APHA Applauds Senate Passage of Inflation Reduction Act* (Aug. 8, 2022), https://www.apha.org/News-and-Media/News-Releases/APHA-News-Releases/2022/Inflation-Reduction-Act.

[8] Am. Coll. Physicians, *Who We Are*, https://www.acponline.org/about-acp/who-we-are (last visited Sept. 12, 2023).

[9] Am. Coll. Physicians, *Access to Care,* https://www.acponline.org/advocacy/where-we-stand/access-to-care (last visited Sept. 12, 2023).

[10] *See, e.g.*, Br. of *Amici Curiae* American College of Physicians et al. in Supp. of Resp'ts, *Dobbs v. Jackson Women's Health Organization*, 142 S.Ct. 2228 (2022) (No. 19-1392); Mot. for Leave to File & Br. of American Medical Association et al. as *Amici Curiae* in Opp'n to Appls.

3

ACP have addressed issues related to coverage and cost of care, Medicare and Medicaid policy changes, healthcare payment systems, and more. The ACP has submitted comments on the government program at issue in this case.[11]

**Society of General Internal Medicine**

The Society of General Internal Medicine (SGIM) is a member-based association of more than 3,300 of the world's leading academic general internal medicine physicians, who are dedicated to delivering comprehensive, coordinated, and cost-effective care to adults, educating the next generation of outstanding physicians, and conducting cutting-edge research to improve quality of care and clinical outcomes of all patients. It has a vision for a just system of care in which all people can achieve optimal health. Accordingly, SGIM has long advocated for sustainable prescription drug pricing, including by joined the Campaign for Sustainable Rx Pricing (CSRxP) in 2016, because the high cost of prescription drugs is one of most difficult challenges that patients face.

**American Geriatrics Society**

The American Geriatrics Society (AGS) is a national non-profit organization of geriatrics healthcare professionals dedicated to improving the health, independence, and quality of life of all older Americans. Its more than 6,000 members include geriatricians, geriatrics nurse practitioners and advanced practice nurses, social workers, family practitioners, physician assistants, pharmacists, and internists who are pioneers in advanced illness care for older

---

for Stay, *Nat'l Fed'n of Independent Business v. Dep't of Labor, Occupational Safety and Health Administration*, 142 S.Ct. 661 (2022) (No. 21-A-244).

[11] William Fox, *ACP Comments on CMS' Proposed Changes to Medicare Advantage and Part D*, Am. Coll. Physicians 7 (Feb. 13, 2023), https://assets.acponline.org/acp_policy/letters/acp_comments_on_cms_proposed_changes_to_medicare_advantage_and_part_d_2023.pdf.

4

individuals. AGS has worked tirelessly to ensure that older adults and individuals with Medicare have access to interprofessional care teams dedicated to eliciting personal care goals and treating older people as whole persons. As part of that mission, AGS has long advocated that older adults have access to medically necessary, appropriate, and affordable medications that align with individuals' care goals and clinically-supervised medication management to reduce risks of unnecessary polypharmacy. Since 2011, the AGS has been the steward of the AGS Beers Criteria® for Potentially Inappropriate Medication (PIM) Use in Older Adults, a regularly updated resource that is widely used by clinicians, educators, researchers, healthcare administrators, and regulators.

## RELEVANCE TO THE COURT

Plaintiff Merck alleges that the drug price negotiation program ("Program") of the Inflation Reduction Act (IRA), that allows the Centers for Medicare & Medicaid Services (CMS) to negotiate drug prices for Medicare, 42 U.S.C. §§1320f(d) *et seq.*, violates various provisions of the US constitution. Compl., ECF No. 1. In so alleging, Merck makes certain representations regarding the nature, history, and viability of the Medicare program, and of the role of prescription drugs in public health. *See id.* ¶¶ 19-23, 64, 72, 85-86; ECF No. 23-1 at 1-9, 18-19, 35, 40-42. As part of its motion for summary judgment, Merck also suggests that the Program will harm public health, in part by harming innovation. *See* Defs.' Cross-Mot. 1, 31, 33, ECF No. 23-1. Plaintiffs in similar suits have made the same or similar arguments, including by stating that doctors and patients may be harmed by the Program and thus may support drug manufacturers' efforts to gut the Program. *See* Oral Argument on Plaintiffs' Motion for a Preliminary Injunction, *Dayton Area Chamber of Commerce et al v. Becerra et al.*, 3:23-cv-00156 (S.D. Ohio, Sept. 15, 2023). Defendants respond to Merck's constitutional arguments but do not devote substantial time to Merck's public health representations. *See* Mem. of Law in

5

Opp'n to Pls.' Mot. for Summ. J. in Supp. of Defs.' Cross-Mot., ECF No. 24-1. The attached brief by proposed *amici* provides the Court a detailed analysis of public health research on the effects of high prescription drug prices on public health, justifying the substantial public policy need for the Program. Proposed *amici* also explain why drug manufacturers' warnings regarding the negative effects of these new rules on public health are exaggerated, considering longstanding concerns about the nature and scope of drug manufacturers' investment in prescription drug development. *Amici* wish to make clear that they do support this Program and do not support drug manufacturers' efforts to end it.

## CONCLUSION

For these reasons, the Court should enter the attached Proposed Order granting leave to proposed *amici* to file the attached brief.

Dated: September 18, 2023

Respectfully submitted,

*/s/ Ananda V. Burra*
Ananda V. Burra, D.C. Bar #888314469
Ben Seel, D.C. Bar #1035286
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
aburra@democracyforward.org
bseel@democracyforward.org

*Counsel for* Amici Curiae