IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERCK & CO., INC., and<br>MERCK SHARP & DOHME LLC,<br><br>    Plaintiffs,<br> v.<br><br>XAVIER BECERRA, U.S. Secretary of Health &<br>Human Services, *et al.*<br><br>    Defendants. | Civ. No. 1:23-01615 (CKK) |

## PLAINTIFFS' MOTION TO GOVERN FURTHER PROCEEDINGS

Plaintiffs respectfully move for an order to govern proceedings in this case following the amendment of the complaint to add Merck Sharp & Dohme LLC (MSD) as a second plaintiff. Despite their consent to an amendment that merely adds a subsidiary as a party and makes no other changes, Defendants insist that the amended complaint requires many additional months to re-brief the pending summary judgment motions, one of which is already fully briefed. But the amendment has no substantive effect on those motions; it merely moots a procedural objection to simplify the parties' dispute. Neither the law nor common sense supports Defendants' effort to stall resolution of this time-sensitive case. When pressed, Defendants failed to state a single reason why they need any more time to supplement the briefing, let alone completely re-do it. That is because no such reason exists. The Court should reject what is plainly a delay tactic.

1. On June 6, 2023, Plaintiff Merck & Co., Inc. (Merck) filed this action seeking declaratory and injunctive relief against Defendants (the Government). ECF 1.

2. The parties agreed that Merck's complaint presented legal questions about the constitutionality of a federal statute, which could properly be resolved through dispositive motions, without the need for discovery. The parties accordingly negotiated and proposed a schedule for cross-motions for summary judgment that would allow all issues to be fully briefed by November

21, 2023, thus avoiding the need for Merck to seek preliminary relief. The parties also requested that the Court dispense with the Government's obligation to file an Answer. ECF 13. This Court approved the briefing schedule and agreed that the Government need not file an Answer. ECF 14.

3. Consistent with the scheduling order, Merck filed its motion for summary judgment on July 11, 2023. ECF 23. Also consistent with the scheduling order, the Government filed its opposition and cross-motion two months later, on September 11, 2023. *See* ECF 24.

4. In its opposition and cross-motion, the Government defended the constitutionality of the statute. It also argued that Merck lacks prudential standing because, under guidance that Defendant CMS issued *after* Merck filed its complaint, the proper plaintiff is supposedly a wholly owned Merck subsidiary—namely, MSD. *See* ECF 24-1 at 18–22.

5. In its opposition-reply filed today, Merck explains why that prudential objection is misguided for a host of reasons. ECF 52, Part I.A. But, to streamline the issues this Court needs to resolve, Merck also filed an amended complaint that merely adds MSD as a second plaintiff. ECF 51. The Government consented in writing to that amended complaint. *See* Exh. A; Fed. R. Civ. P. 15(a)(2); *see also, e.g.*, *Mullaney v. Anderson*, 342 U.S. 415, 416–17 (1952) (allowing addition of plaintiffs to cure asserted standing defect, even on appeal).

6. MSD respectfully joins in Merck's previously filed motion for summary judgment and statement of undisputed facts, and asks the Court to treat that motion as filed on behalf of both Plaintiffs. Doing so would impose no prejudice on the Government, because the constitutionality of the statute does not depend on the plaintiff's identity. Nothing in the merits analysis is affected by this addition. And the Government has conceded that MSD has prudential standing even if Merck does not. *See* ECF 24-1 at 19. Briefing on Merck's summary judgment motion is complete; there is no reason for MSD to file duplicative briefs on the identical claims.

7. There is no need for the Government to repeat its cross-motion, either, just because a second plaintiff has now joined the same two claims challenging the statute's constitutionality. As to the merits, nothing in the Government's cross-motion depends on whether the plaintiff is Merck or MSD. And again, the Government has admitted that MSD would be a proper plaintiff to assert these very claims. Plaintiffs therefore request that the Court treat the Government's cross-motion as seeking judgment as to MSD in addition to Merck. Both Plaintiffs joined the opposition to that motion earlier today. The Government has until November 21 for its reply, per the agreed-on schedule. Notably, that deadline—33 days from now—gives the Government *more time* than the usual 14 days to respond to an amended complaint. *See* Fed. R. Civ. P. 15(a)(3).

8. The Government's position is as follows: "Defendants consent to the filing of an amended complaint. The filing of an amended complaint, however, necessarily overtakes the previous complaint and the parties' previous motions for summary judgment. Accordingly, Defendants do not consent to a continuation of briefing on those motions which were filed with respect to an inoperative complaint (and in Plaintiffs' case, by different parties). As Defendants explained to Plaintiffs, Defendants are open to reaching agreement on a sensible schedule for further proceedings, but any delays that now result from the filing of an amended complaint are attributable to Plaintiffs' failure to identify the proper parties to bring this lawsuit."

9. The parties' correspondence is attached as Exhibit A. Although the Government fails to identify any substantive reason why further briefing is required, it insists on restarting the briefing from scratch—and further claims that other obligations now preclude it from completing that briefing until *months* beyond the agreed date of November 21, 2023. The Government is wrong on the law, and it will suffer no prejudice from adhering to the schedule it jointly proposed, whereas starting over would impede the Court's ability to render a timely ruling.

10. First, although an amended complaint supersedes an original complaint, that does not mean the amendment automatically wipes out all pending motions. "To hold otherwise would be to exalt form over substance." Wright & Miller, FEDERAL PRAC. & PROC. § 1476. Courts thus routinely recognize that an amended complaint *does not* moot or supersede a pending dispositive motion—whether under Rule 12 or Rule 56—except insofar as the amendment actually affects the substantive arguments in that motion.[1] And that is especially true with respect to "[s]ummary judgment motions," which "are not directed at pleadings, but at claims." *United Sec. Fin. Corp. v. First Mariner Bank*, 2017 WL 3309690, at *5 (D. Utah Aug. 2, 2017).

---

[1] As to motions to dismiss, *see, e.g.*, *MSA Prod., Inc. v. Nifty Home Prod., Inc.*, 883 F. Supp. 2d 535, 539 (D.N.J. 2012) ("The filing of an amended pleading does not render a motion to dismiss moot"); *Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 (E.D. Pa. 1999) (similar); *Duran v. United States*, 2021 WL 10338166, at *1 n.1 (S.D. Tex. Nov. 24, 2021) ("Whether an amended complaint moots a motion to dismiss is discretionary and … the court simply may consider the motion as being addressed to the amended pleading."); *Bouknight v. KW Assocs., LLC*, 2016 WL 3344336, at *1 n.2 (D.S.C. June 16, 2016) ("the Second Amended Complaint does not moot Defendants' motion to dismiss"); *Country Mut. Ins. Co. v. Med. Weight Loss Ctrs., LLC*, 2019 WL 2251201, at *2 (E.D. Mo. Feb. 8, 2019) (similar); *Tower Ins. Co. v. Edwards Zubizarreta P'ship*, 2011 WL 5509989, at *1 n.2 (N.D. Tex. Nov. 10, 2011) (similar); *Baker v. USD 229 Blue Valley*, 2020 WL 1233731, at *5 n.8 (D. Kan. Mar. 13, 2020) (similar); *Pettaway v. Nat'l Recovery Sols., LLC*, 2019 WL 13243083, at *3 (S.D.N.Y. May 20, 2019) (similar); *see also Montgomery v. Flandreau Santee Sioux Tribe*, 2006 WL 482479, at *1 (D.S.D. Feb. 27, 2006) (amended complaint "does not moot the motions filed" where amendment merely added plaintiffs).

As to Rule 56 motions, *see, e.g.*, *Alaska Excursion Cruises, Inc. v. United States*, 603 F. Supp. 541, 548 (D.D.C. 1984) (allowing amendment but still deciding "legal issues presented by the heretofore filed motions for summary judgment"); *TAS Distr. Co. v. Cummins, Inc.*, 676 F. Supp. 2d 719, 720 (C.D. Cal. 2009) (amended complaint did not moot summary judgment motion since count was "substantively identical"); *Peterson v. Medtronic, Inc.*, 2020 WL 6999225, at *3 n.1 (W.D. Tenn. Sept. 30, 2020) (similar); *Jones v. Mnuchin*, 2020 WL 3237516, at *1 n.3 (S.D. Ga. June 15, 2020) (similar); *McCall v. FedEx Corp.*, 2018 WL 1565607, at *2 (S.D. Ohio Mar. 30, 2018) ("The filing of an amended complaint does not render the pending motion for summary judgment moot unless the motion pertained to claims that were removed in the Amended Complaint."); *Barrett v. Pioneer Nat. Res. USA, Inc.*, 2017 WL 10591359, at *2 (D. Colo. Nov. 29, 2017) (similar); *Kirk v. IRS*, 1998 WL 681457, at *1 (D. Ariz. Aug. 17, 1998) (court has "discretion to consider a motion for summary judgment" filed pre-amendment); *Scott v. Wollney*, 2021 WL 4202169, at *4 (N.D. Tex. Aug. 28, 2021) (amended complaint did not moot "pending motions for summary judgment because the claims addressed by their motions remain the same").

11. Particularly when the only amendment is to add a plaintiff, the litigation need not be upended. *See, e.g., Enyart v. Karnes*, 2010 WL 4823061, at *2 n.5 (S.D. Ohio Nov. 12, 2010) ("Because plaintiff's anticipated amended complaint only adds new parties that do not change the substantive allegations against defendant[,] … the anticipated amended complaint will not moot [defendant's] pending motion for summary judgment."). To the contrary, the Court "may *at any time*, on just terms, add or drop a party." Fed. R. Civ. P. 21 (emphasis added).

12. Second, it is clear here that the pending motions are substantively unaffected by the addition of MSD as a plaintiff. Again, the sole question in this case is whether the new drug "negotiation" program is facially unconstitutional. The nature of the challenge does not depend in any way on whether it is asserted by the parent or subsidiary. MSD would file exactly the same brief Merck already filed. On the merits, the Government too would file the same opposition and cross-motion; it cannot (and did not, in its correspondence with counsel) identify any way in which its substantive arguments would differ.

13. The only difference relates to the prudential standing objection, which applies to Merck but by all accounts is cured by MSD's addition. The Government's brief was only 35 pages (out of a total of 55 that were allowed), which means it did not omit any arguments as a result of including its five-page prudential standing objection. And, contrary to the Government's claim, this prudential standing hiccup is not Merck's fault. For one thing, the objection is without merit; Merck chose to amend simply to streamline the dispute and moot the need for the Court to address this procedural issue. *Supra* ¶ 5. For another, the objection allegedly arises from agency guidance that did not issue until two months *after* Merck filed its action. ECF 24-1 at 19. Thus, if anything, it is *the Government's* "maneuvers designed to insulate" its action "from review by this Court [that] must be viewed with a critical eye." *Knox v. SEIU*, 567 U.S. 298, 307 (2012).

14. There is accordingly no reason to wipe the slate clean and thereby delay resolution of this case. The Government will suffer no prejudice from allowing MSD to join Merck's pending motions. Its formalistic insistence on restarting the briefing from scratch thus appears to be solely an attempt to back out of the negotiated briefing schedule and delay adjudication of the merits. That is not only unwarranted—it is irresponsible. As the Government itself emphasizes, the Medicare "negotiation" program is a very significant public policy measure. *See* ECF 24-1 at 11–18. It presents serious constitutional questions that have been raised by a host of lawsuits around the country, with appellate litigation likely to follow. While this is not emergency litigation, it is plainly time sensitive. And Merck teed up these issues in a way that allows sufficient time for meaningful briefing and adjudication before the Program takes effect. The Government's approach would only force Merck to seek expedited preliminary relief, which benefits nobody.

15. Notably, in a related case, the parties (including the Government) filed a joint motion asking the District of Delaware to rule by March 1, 2024, to avoid the need for preliminary relief. *See AstraZeneca Pharms., LP v. Becerra*, No. 1:23-cv-931, Dkt. 15 (D. Del. Sept. 19, 2023). The court adopted that "Target Decision Date." *Id.* at ¶ 6. Plaintiffs here respectfully suggest that the same "target date" would be appropriate for this action—the first action to be filed challenging the IRA—but that goal would become untenable if all briefing had to begin afresh.

16. For these reasons, Plaintiffs respectfully request that the Court (i) allow MSD to join Merck's fully briefed motion for summary judgment; (ii) treat the Government's cross-motion for summary judgment as directed to MSD as well as Merck; (iii) maintain the agreed-on deadline of November 21, 2023, for the Government's reply in support of its cross-motion; and (iv) dispense with the Government's obligation to file an Answer to the Amended Complaint.

17. In the alternative, if the Court determines that all motions and briefs must be refiled, Plaintiffs request that the deadlines be set as follows: (i) Plaintiffs' motion for summary judgment: October 26, 2023; (ii) Government's opposition / cross-motion: October 30, 2023; (iii) Plaintiffs' opposition / reply: November 1, 2023; and (iv) Government's reply: November 21, 2023. The Government should not need more time than that to refile the same brief with a new caption, and it already knows from today's filing exactly what Plaintiffs will say in their opposition.

## CONCLUSION

For the foregoing reasons, the Court should grant the relief set forth above in Paragraph 16, or in the alternative, the relief set forth in Paragraph 17.

Dated: October 19, 2023                    Respectfully submitted,

*/s/ Yaakov M. Roth*
Yaakov M. Roth (D.C. Bar 995090)
Megan Lacy Owen (D.C. Bar 1007688)
Brinton Lucas (D.C. Bar 1015185)
John Henry Thompson (D.C. Bar 90013831)
Louis J. Capozzi III (*admission pending*)
JONES DAY
51 Louisiana Avenue N.W.
Washington, DC 20012
(202) 879-3939

*Counsel for Plaintiffs*