# EXHIBIT A

**From:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>
**Sent:** Thursday, September 21, 2023 12:48 PM
**To:** Roth, Yaakov M. <yroth@JonesDay.com>; Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Coogle, Christine L. (CIV) <Christine.L.Coogle@usdoj.gov>
**Cc:** Lucas, Brinton <blucas@jonesday.com>; Owen, Megan L. <mlacyowen@jonesday.com>
**Subject:** RE: Merck & Co., Inc. v. Becerra et al. (DDC No. 23-cv-1615)

**This Message Is From an External Sender**

If you are concerned about the message's content, highlight the email in your inbox and click "Report Suspicious" in the Outlook ribbon -or- contact 6Help.

Hi Yaakov,

Our default position would be that, upon the filing of a new complaint, the parties restart summary judgment briefing. Given our other IRA cases, however, we could not consent to a schedule that has us filing a reply brief in support of our motion before February, at the earliest. If you are amenable to something along those lines, we are happy to discuss specific dates. Otherwise, we ask that you represent our position to the Court in its entirety as stated in my prior email.

Best,
Aleks

**Alexander Sverdlov**
Trial Attorney | Federal Programs Branch
Civil Division | U.S. Department of Justice
P.O. Box 883
Washington, DC 20044
Phone: (202) 305-8550

---

**From:** Roth, Yaakov M. <yroth@JonesDay.com>
**Sent:** Thursday, September 21, 2023 11:26 AM
**To:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Coogle, Christine L. (CIV) <Christine.L.Coogle@usdoj.gov>
**Cc:** Lucas, Brinton <blucas@jonesday.com>; Owen, Megan L. <mlacyowen@jonesday.com>
**Subject:** [EXTERNAL] RE: Merck & Co., Inc. v. Becerra et al. (DDC No. 23-cv-1615)

OK, but I'd still like to hear your specific proposal—if we can work it out without burdening the court, that seems preferable. You have rejected our proposal but have not specified how you'd like this to play out procedurally. Can you propose something?

Yaakov Roth (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Office +1.202.879.7658
yroth@jonesday.com

---

**From:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>
**Sent:** Thursday, September 21, 2023 11:23 AM
**To:** Roth, Yaakov M. <yroth@JonesDay.com>; Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Coogle, Christine L. (CIV) <Christine.L.Coogle@usdoj.gov>
**Cc:** Lucas, Brinton <blucas@jonesday.com>; Owen, Megan L. <mlacyowen@jonesday.com>
**Subject:** RE: Merck & Co., Inc. v. Becerra et al. (DDC No. 23-cv-1615)

Yaakov,

I recognize that Plaintiffs in the Young case had sought summary judgment in the alternative before the amendment, but the government had not yet responded or filed its own motion. We are not trying to make things any more complicated than they need to be and are certainly not being discourteous—we consented to your request to amend the complaint and just have a disagreement with you about a procedural point, as parties sometimes do. We provided you both our explanation and our position to facilitate you filing a motion to obtain the relief that you seem to want. We are confident that, if you file such a motion, the court will provide us guidance soon.

Best,
Aleks

**Alexander Sverdlov**
Trial Attorney  |  Federal Programs Branch
Civil Division  |  U.S. Department of Justice
P.O. Box 883
Washington, DC 20044
Phone: (202) 305-8550

---

**From:** Roth, Yaakov M. <yroth@JonesDay.com>
**Sent:** Thursday, September 21, 2023 11:04 AM
**To:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Coogle, Christine L. (CIV) <Christine.L.Coogle@usdoj.gov>
**Cc:** Lucas, Brinton <blucas@jonesday.com>; Owen, Megan L. <mlacyowen@jonesday.com>
**Subject:** [EXTERNAL] RE: Merck & Co., Inc. v. Becerra et al. (DDC No. 23-cv-1615)

Aleks,

You're not correct about the Young v. EPA case. Take a look at the docket. The dispositive motion was filed first; then the amended complaint adding the new party; and the new party simply joined the prior motion by way of the uncontested joinder notice that I sent you. Nobody, including DOJ, had any issue with that. There is no reason it has to be any more complicated than that here either. Since there are no substantive changes to the claims, the previous briefs can be brought into technical "conformance" through a simple, one-sentence notice to the court. Other than

delay for its own sake, what is the basis for restarting the process when the claims and arguments are exactly the same?  I'm still not sure exactly what you're proposing—you want us to refile a new MSJ, identical but for the caption, and then you'd file a new opposition and cross-motion, identical but for dropping Part I?  I fail to see what possible legitimate interest that serves, and I find it particularly discourteous given that we gave you as much time as you asked for in the negotiated schedule.

Thanks,
Yaakov


Yaakov Roth (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Office +1.202.879.7658
yroth@jonesday.com

---

**From:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>
**Sent:** Thursday, September 21, 2023 10:40 AM
**To:** Roth, Yaakov M. <yroth@JonesDay.com>; Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Coogle, Christine L. (CIV) <Christine.L.Coogle@usdoj.gov>
**Cc:** Lucas, Brinton <blucas@jonesday.com>; Owen, Megan L. <mlacyowen@jonesday.com>
**Subject:** RE: Merck & Co., Inc. v. Becerra et al. (DDC No. 23-cv-1615)

Hi Yaakov,

   Thanks for the flag.  We think the circumstances of the case Brett identified are sufficiently different from what we have here that your proposed approach to the schedule will not work.  Among other reasons, as we understand it, in that case the amendment came before any party filed a dispositive motion.  Here, by contrast, when both sides have already cross-moved on the basis of the prior complaint we think some other kind of procedure would be required—namely, an order amending the existing schedule or otherwise bringing the briefs into conformance with the new complaint.  Absent such relief from the Court, we would view the previous complaint and the pending motions as having been completely obviated; our only obligation under those circumstances would be to respond to the new complaint as required by Rule 15(a)(3).

   As a practical matter, we understand that you may not want to restart the case in this way or to delay summary judgment briefing.  And, given our scheduling obligations in the other IRA cases, I suspect we are likely to have a disagreement about how fast we could restart summary-judgment briefing in this case.  That said, we are certainly open to reaching agreement on a sensible schedule for further proceedings, if you are amenable to an approach that sufficiently accounts for our other deadlines.

   I understand from your prior emails that you likely do not want to proceed in this way—and instead want to continue on the current briefing schedule without regard to the fact that a new complaint has been filed.  For the reasons explained above, we cannot consent to this approach.  Accordingly, we think the best course in that circumstance would be for you to file some kind of motion with the court proposing that approach along with your amended complaint.  If you do file such a motion, please reflect our position as follows, which we hope will obviate us from needing to file an actual opposition brief on this scheduling issue:

"Defendants consent to the filing of an amended complaint. The filing of an amended complaint, however, necessarily overtakes the previous complaint and the parties' previous motions for summary judgment.  Accordingly, Defendants do not consent to a continuation of briefing on those motions which were filed with respect to an inoperative complaint (and in Plaintiffs' case, by different parties).  As Defendants explained to Plaintiffs, Defendants are open to reaching agreement on a sensible schedule for further proceedings, but any delays that now result from the filing of an amended complaint are attributable to Plaintiffs' failure to identify the proper parties to bring this lawsuit."

In sum, we consent to the filing of an amended complaint.  But if you simply file an amended complaint without obtaining any additional relief, we plan to respond to the amended complaint in the manner contemplated by FRCP 15(a)(3).

Best,
Aleks

**Alexander Sverdlov**
Trial Attorney  |  Federal Programs Branch
Civil Division  |  U.S. Department of Justice
P.O. Box 883
Washington, DC 20044
Phone:  (202) 305-8550

---

**From:** Roth, Yaakov M. <yroth@JonesDay.com>
**Sent:** Wednesday, September 20, 2023 7:08 PM
**To:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Coogle, Christine L. (CIV) <Christine.L.Coogle@usdoj.gov>
**Cc:** Lucas, Brinton <blucas@jonesday.com>; Owen, Megan L. <mlacyowen@jonesday.com>
**Subject:** [EXTERNAL] RE: Merck & Co., Inc. v. Becerra et al. (DDC No. 23-cv-1615)


Aleks, in case it helps, Brett Shumate told me that he had this happen recently in another DDC case involving DOJ, and they simply filed a notice (attached) by which the new plaintiff joined the previously filed MSJ.  Neither DOJ nor the court took issue with that joinder.  It seems to me like something similar would be the simplest path for us, but again, please let me know if you have a different preference.


Yaakov Roth (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Office +1.202.879.7658
yroth@jonesday.com

---

**From:** Roth, Yaakov M.
**Sent:** Tuesday, September 19, 2023 1:33 PM
**To:** 'Sverdlov, Alexander V.' <Alexander.V.Sverdlov@usdoj.gov>; Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Coogle, Christine L. (CIV) <Christine.L.Coogle@usdoj.gov>
**Cc:** Lucas, Brinton <blucas@jonesday.com>; Owen, Megan L. <mlacyowen@jonesday.com>
**Subject:** RE: Merck & Co., Inc. v. Becerra et al. (DDC No. 23-cv-1615)

4

I get the formal point, but aside from the standing objection, I don't see that anything substantive would change about the claims or arguments. So I would think the parties could just agree to stand on the existing cross-motions notwithstanding the addition of the new party. I've done that before when amended complaints were filed after MTD briefing. From my perspective, this could be spelled out in a letter or notice, but I am open to alternative procedures if you have any in mind.

Yaakov Roth (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Office +1.202.879.7658
yroth@jonesday.com

---

**From:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>
**Sent:** Tuesday, September 19, 2023 1:24 PM
**To:** Roth, Yaakov M. <yroth@JonesDay.com>; Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Coogle, Christine L. (CIV) <Christine.L.Coogle@usdoj.gov>
**Cc:** Lucas, Brinton <blucas@jonesday.com>; Owen, Megan L. <mlacyowen@jonesday.com>
**Subject:** RE: Merck & Co., Inc. v. Becerra et al. (DDC No. 23-cv-1615)

Hi Yaakov,

Thanks for the clarification—that's helpful. It seems to us that, as a formal matter, any amended complaint would by necessity overtake the previously-filed motions for summary judgment. By definition, those motions are seeking relief with respect to the claims in the initial complaint and with respect to the original parties, and so would be rendered inoperative by the filing of a new complaint. There are, naturally, various procedural ways to address the mismatch, some of which may have a bigger effect on the briefing schedule than others. Hence our question about what kind of procedures you might have in mind.

Best,
Aleks

**Alexander Sverdlov**
Trial Attorney | Federal Programs Branch
Civil Division | U.S. Department of Justice
P.O. Box 883
Washington, DC 20044
Phone: (202) 305-8550

---

**From:** Roth, Yaakov M. <yroth@JonesDay.com>
**Sent:** Tuesday, September 19, 2023 11:16 AM
**To:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Coogle, Christine L. (CIV) <Christine.L.Coogle@usdoj.gov>
**Cc:** Lucas, Brinton <blucas@jonesday.com>; Owen, Megan L. <mlacyowen@jonesday.com>
**Subject:** [EXTERNAL] RE: Merck & Co., Inc. v. Becerra et al. (DDC No. 23-cv-1615)

Thanks, Aleks.  Yes, I'd imagine adding MSD to the caption, and adding a sentence in the Parties section to the effect that MSD is a wholly owned Merck subsidiary that holds the NDA for the drugs at issue.  I don't see any reason why that would impact the MSJ briefing or schedule, but please let me know if you disagree.

--Yaakov


Yaakov Roth (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Office +1.202.879.7658
yroth@jonesday.com

---

**From:** Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>
**Sent:** Tuesday, September 19, 2023 11:12 AM
**To:** Roth, Yaakov M. <yroth@JonesDay.com>; Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Coogle, Christine L. (CIV) <Christine.L.Coogle@usdoj.gov>
**Cc:** Lucas, Brinton <blucas@jonesday.com>; Owen, Megan L. <mlacyowen@jonesday.com>
**Subject:** RE: Merck & Co., Inc. v. Becerra et al. (DDC No. 23-cv-1615)

Hi Yaakov,

  Thanks for flagging the issue.  We think there is a good likelihood that we can reach agreement on the path forward.  However, before we consent to any proposal we would like to have a better sense of how you think this amendment would impact the schedule in the case.

  Are we correct to assume that the only change to the complaint you are proposing would be to add MSD as a Plaintiff, and to make whatever minimal conforming changes are necessary to effectuate that change to the caption?  If so, how do you envision that amendment affecting the current MSJ briefing?

Best,
Aleks

**Alexander Sverdlov**
Trial Attorney  |  Federal Programs Branch
Civil Division  |  U.S. Department of Justice
P.O. Box 883
Washington, DC 20044
Phone:  (202) 305-8550


**From:** Roth, Yaakov M. <yroth@JonesDay.com>
**Sent:** Monday, September 18, 2023 4:40 PM
**To:** Pezzi, Stephen (CIV) <Stephen.Pezzi@usdoj.gov>; Sverdlov, Alexander V. <Alexander.V.Sverdlov@usdoj.gov>; Coogle, Christine L. (CIV) <Christine.L.Coogle@usdoj.gov>
**Cc:** Lucas, Brinton <blucas@jonesday.com>; Owen, Megan L. <mlacyowen@jonesday.com>
**Subject:** [EXTERNAL] Merck & Co., Inc. v. Becerra et al. (DDC No. 23-cv-1615)

Dear Counsel,

Hope all is well.  Although we don't agree with the standing objection raised in your brief last week, we plan to amend our complaint to add Merck Sharp & Dohme LLC (MSD) as a second plaintiff and thereby moot the objection.  We think we can still amend as of right under FRCP 15(a)(1) given that your standing argument sounds in Rule 12(b)(1), but to avoid any doubt we would appreciate your written consent to the amendment.  (We note that, at oral argument on Friday, Steve flagged amendment as a way of dealing with a similar issue in the Chamber case.)  Otherwise, our alternative is to file a second action with MSD as the plaintiff and then seek to consolidate the two actions—that seems like more work for everyone to get to the same place.  So, kindly let us know if Defendants will consent under FRCP 15(a)(2) to an amendment adding MSD as a plaintiff.

Thanks,
Yaakov


Yaakov Roth (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Office +1.202.879.7658
yroth@jonesday.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***