UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERCK & CO., INC. and MERCK SHARP & DOHME LLC,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the Department of Health and Human Services, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 1:23-cv-01615-CKK |

**DEFENDANTS' RESPONSE TO [55] PLAINTIFFS'
MOTION TO GOVERN FURTHER PROCEEDINGS**

As explained in Defendants' summary-judgment brief, ECF No. 24 at 8-12, this lawsuit was originally filed by one corporation (Merck & Co., Inc.) to remedy harms allegedly faced by a different corporation (Merck Sharp & Dohme LLC), in violation of well-settled principles of shareholder standing and respect for the corporate form. In response, Plaintiff Merck & Co., Inc. sought leave to file an amended complaint that would add Merck Sharp & Dohme LLC as a party to this case. Defendants consented to that amendment over a month ago. *See* ECF No. 55-1.

Defendants disagree with many of the assertions in Plaintiffs' motion, though (with one exception[1]) will refrain from extending further this procedural dispute. Ultimately, all parties agree that—as explained in the correspondence that Plaintiffs attached to their motion, and in nearly all of the cases (and in the treatise) that Plaintiffs cite—the Court has the *discretion* to issue an order that would depart from what would otherwise be the routine and natural consequence of

---

[1] Defendants have not engaged in any conduct that could be described as "plainly a delay tactic." Pls.' Mot. at 1. To the contrary, Defendants promptly consented to the filing of an amended complaint on September 21—it was *Plaintiffs* who then waited more than a month to take any steps to resolve the procedural complexity that they knew was going to be created by their own litigation choices.

Plaintiffs' decision to amend their complaint: that is, a restart of the litigation. *Compare, e.g.*, *Gray v. D.C. Pub. Sch.*, 688 F. Supp. 2d 1, 6 (D.D.C. 2010) ("When a plaintiff amends her complaint, it renders a motion to dismiss that complaint moot."), *with* Charles A. Wright & Arthur R. Miller, Effect of an Amended Pleading, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) (explaining that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading," but also noting that "*defendants* should not be *required* to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending") (emphases added).

Ultimately, however, Defendants will proceed in whatever manner the Court directs. Absent an order to the contrary, Defendants will respond to the amended complaint on the date required by Federal Rule of Civil Procedure 15(a)(3).

DATE: October 23, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar No. 995500)
 Senior Trial Counsel
ALEXANDER V. SVERDLOV
CHRISTINE L. COOGLE
 Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*

2