UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERCK & CO., INC. and MERCK SHARP & DOHME LLC, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of the Department of Health and Human Services, *et al.*, <br><br> Defendants. | Civil Action No. 1:23-cv-01615-CKK |

**DEFENDANTS' MOTION FOR AN EXTENSION
OF TIME AND LEAVE TO FILE EXCESS PAGES**

Defendants, having conferred with Plaintiffs, respectfully request an eight-day extension of time to file their summary-judgment reply brief (*i.e.*, from November 21 to November 29) and leave to file 10 additional pages beyond the page limit set forth in the Court's scheduling order, ECF No. 14 (*i.e.*, 45 pages instead of 35 pages). As good cause for these requests, which Plaintiffs oppose in part, Defendants offer the following:

1. Plaintiff Merck & Co., Inc. filed this lawsuit on June 6, 2023.  Compl., ECF No. 4.

2. On June 26, the parties submitted a joint proposed scheduling order to the Court, which addressed briefing deadlines, page limits, and a handful of other ancillary issues.  ECF No. 13.  The Court granted that joint request in substantial part on June 28.  ECF No. 14.

3. The parties' first three summary-judgment briefs have each been filed on the dates set forth in the Court's original scheduling order.  *See* ECF Nos. 23, 24, 52.  The only brief remaining is Defendants' reply in support of their cross-motion for summary judgment, which is currently due on November 21.  *See* ECF No. 14; Minute Order of Oct. 31, 2023.

4. Defendants respectfully request an eight-day extension of time—from November 21 to November 29—to file their upcoming reply brief in this case.  Due to the press of other

significant and time-sensitive litigation deadlines (almost all of which arose after the parties submitted their joint scheduling proposal in June), counsel for Defendants needs a brief period of additional time to prepare and finalize Defendants' reply brief. The additional time will allow for sufficient deliberation and review within the government of this significant litigation filing about these important issues of nationwide consequence.

5. The litigation attorneys from the Department of Justice who are assigned to this case are also assigned (among other things) to represent Defendants in eight other constitutional challenges to the Drug Price Negotiation Program, most of which are also in the midst of active summary-judgment briefing. Granting this brief extension will align Defendants' deadlines in this case more manageably with the government's other litigation deadlines.

6. Defendants also respectfully request 10 additional pages beyond the page limit in the Court's scheduling order, ECF No. 14 (*i.e.*, 45 pages instead of 35 pages). Although Defendants previously expected 35 pages to suffice, as the arguments have developed, Defendants now believe that additional pages would allow Defendants to address these important issues more coherently and comprehensively, and ultimately make it easier for the Court to reach a final resolution of all of the legal issues raised in the parties' summary-judgment briefs. Granting this request would not prejudice Plaintiffs, who have already submitted a total of 94 pages of briefing. *See* ECF Nos. 23, 52. Were Defendants to file a 45-page reply brief, that would result in a total of 80 pages for Defendants, even though all parties moved for summary judgment on all claims (and ignoring the fact that Defendants had to use four pages to address a pleading failure that Plaintiffs eventually fixed by amending their complaint, with Defendants' consent). *See* ECF Nos. 24, 56.

7. Before filing this motion, pursuant to Local Rule 7(m), counsel for Defendants conferred with counsel for Plaintiffs, who asked that Defendants report Plaintiffs' position as follows: "Plaintiffs do not oppose the extra time, notwithstanding the parties' negotiated agreement, on the assumption that it will not materially delay resolution of this important and time-sensitive litigation. Plaintiffs oppose the request for additional pages. The parties negotiated for 10 extra pages per brief and thus far none of the briefs has used those excess pages. Defendants'






significant and time-sensitive litigation deadlines (almost all of which arose after the parties submitted their joint scheduling proposal in June), counsel for Defendants needs a brief period of additional time to prepare and finalize Defendants' reply brief. The additional time will allow for sufficient deliberation and review within the government of this significant litigation filing about these important issues of nationwide consequence.

5. The litigation attorneys from the Department of Justice who are assigned to this case are also assigned (among other things) to represent Defendants in eight other constitutional challenges to the Drug Price Negotiation Program, most of which are also in the midst of active summary-judgment briefing. Granting this brief extension will align Defendants' deadlines in this case more manageably with the government's other litigation deadlines.

6. Defendants also respectfully request 10 additional pages beyond the page limit in the Court's scheduling order, ECF No. 14 (*i.e.*, 45 pages instead of 35 pages). Although Defendants previously expected 35 pages to suffice, as the arguments have developed, Defendants now believe that additional pages would allow Defendants to address these important issues more coherently and comprehensively, and ultimately make it easier for the Court to reach a final resolution of all of the legal issues raised in the parties' summary-judgment briefs. Granting this request would not prejudice Plaintiffs, who have already submitted a total of 94 pages of briefing. *See* ECF Nos. 23, 52. Were Defendants to file a 45-page reply brief, that would result in a total of 80 pages for Defendants, even though all parties moved for summary judgment on all claims (and ignoring the fact that Defendants had to use four pages to address a pleading failure that Plaintiffs eventually fixed by amending their complaint, with Defendants' consent). *See* ECF Nos. 24, 56.

7. Before filing this motion, pursuant to Local Rule 7(m), counsel for Defendants conferred with counsel for Plaintiffs, who asked that Defendants report Plaintiffs' position as follows: "Plaintiffs do not oppose the extra time, notwithstanding the parties' negotiated agreement, on the assumption that it will not materially delay resolution of this important and time-sensitive litigation. Plaintiffs oppose the request for additional pages. The parties negotiated for 10 extra pages per brief and thus far none of the briefs has used those excess pages. Defendants'

principal brief was only 35 pages (out of a maximum of 55). A reply brief should not be longer than a principal brief, especially given that Defendants' standing argument has been mooted, no amicus briefs were filed on Plaintiffs' side, and no new issues were raised in Plaintiffs' response. Under these circumstances, Plaintiffs are concerned that a 45-page reply brief would amount to unfair sandbagging and could trigger the need for a surreply that would further protract this litigation."

8.  As counsel for Defendants explained to counsel for Plaintiffs before the statement above was finalized, there is no factual basis for Plaintiffs' apparent assumption that these routine requests are in any way motivated by a strategy of "unfair sandbagging," or that Defendants' reply brief (regardless of its timing or its length) is going to "trigger the need for a surreply." And it should not count against Defendants in making a routine page-extension request that they have been economical in their prior briefing, by only using the pages that have been necessary to convey their arguments efficiently and fully.

DATE: November 8, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar No. 995500)
 Senior Trial Counsel
ALEXANDER V. SVERDLOV
CHRISTINE L. COOGLE
 Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*