**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MERCK & CO., INC., and
MERCK SHARP & DOHME LLC,

Plaintiffs,

v.

XAVIER BECERRA, U.S. Secretary of Health & Human Services, *et al.*

Defendants.

Civ. No. 1:23-01615 (CKK)

**Plaintiffs' Notice of Supplemental Authority**

Plaintiffs write to advise of the U.S. Supreme Court's decision in *Sheetz v. County of El Dorado* (Apr. 12, 2024) (Exh. A, "Op."), which supports Plaintiffs' claims under the Takings Clause and related arguments under the "unconstitutional conditions" doctrine.

To start, *Sheetz* reiterates the basic proposition that "[w]hen the government wants to take private property," it "must compensate the owner at fair market value." Op. 4. And where the government "interfere[s] with the owner's right to exclude others," that amounts to "a *per se* taking." Op. 4-5. Those "ordinary takings rules," moreover, apply equally to "legislatures." Op. 7. In this case, the Program interferes with manufacturers' right to exclude others by compelling them to provide Medicare with "access" to their covered drugs at the CMS-dictated discounts, on pain of draconian penalties. *See* ECF No. 23-1 at 16-19; ECF No. 53 at 8-16.

*Sheetz* also recounts that when the government conditions a benefit on the abandonment of a property right, the Takings Clause requires a "sufficient connection" between the condition and the legitimate interests that would have allowed the government to withhold the benefit. Op. 6. That framework—which requires a "nexus" and "rough proportionality" between the condition and the benefit—ensures that the government is "not leveraging its … monopoly to exact private property without paying for it," which would be an "abuse." *Id.*

Here, Defendants are "leveraging" their monopsony in the prescription drug market to coerce manufacturers to give up their property by threatening to withhold Medicare and Medicaid coverage for all of the manufacturers' products. Holding hostage all coverage for *other* drugs violates both the "nexus" and "rough proportionality" tests. Op. 6 (stating that this "amounts to 'an out-and-out plan of extortion'"). *See* ECF No. 23-1 at 45-48; ECF No. 53 at 28-30.

Defendants have argued that the nexus and rough proportionality framework (the *Nollan-Dolan* test) is limited to land-use conditions. ECF No. 24-1 at 33-34. But *Sheetz* explains that *Nollan-Dolan* is "modeled on" and "rooted" in the "unconstitutional conditions doctrine"—the general rule that the "government 'may not deny a benefit to a person on a basis that infringes his constitutionally protected interests.'" Op. 6, 9. As the Court emphasized, it has long applied that same doctrine "in other contexts," including "to scrutinize legislation that placed conditions on the right to free speech." Op. 10 (citing *Agency for Int'l Dev. v. Alliance for Open Soc'y Int'l, Inc.*, 570 U.S. 205 (2013)). The doctrine thus applies here too: If the Program's "access" mandate "would be a compensable taking if imposed" directly, then imposing it as a condition on Medicare coverage requires "application of *Nollan/Dolan* scrutiny." Op. 1 (Sotomayor, J., concurring).

Dated: April 15, 2024

Respectfully submitted,

*<u>/s/ Yaakov M. Roth</u>*
Yaakov M. Roth (D.C. Bar 995090)
Megan Lacy Owen (D.C. Bar 1007688)
Brinton Lucas (D.C. Bar 1015185)
John Henry Thompson (D.C. Bar 90013831)
Louis J. Capozzi III (D.C. Bar 90018764)
JONES DAY
51 Louisiana Avenue N.W.
Washington, DC 20012
(202) 879-3939

*Counsel for Plaintiffs*