UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERCK & CO., INC., and MERCK SHARP & DOHME LLC,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, U.S. Secretary of Health and Human Services, *et al.*,<br><br>Defendants. | Civil Action No. 1:23-cv-01615-CKK |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

The Supreme Court's recent decision in *Sheetz v. County of El Dorado, California* addresses the narrow question of whether the so-called "*Nollan/Dolan* test"—which asks whether "permit conditions [] have an 'essential nexus'" and "'rough proportionality'" to the "government's land-use interest"—"recognizes a distinction between legislative and administrative conditions on land-use permits." 2024 WL 1588707, at *4-5 (U.S. Apr. 12, 2024). The Court held that it does not. *Id.* *2. As the Court explained, the test applies to land-use conditions imposed by legislatures no less than to conditions imposed by administrative bodies. *Id.*

Plaintiffs here ask this Court to go much further, and apply the *Nollan*/*Dolan* nexus-and-rough-proportionality framework outside the land-use context entirely. *See* Pls. Notice, ECF 66 at 1-2. But, as Defendants explained in their prior briefs, the Supreme Court has made clear that the *Nollan/Dolan* test is reserved for the "'special application' of . . . land-use permits." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013) (discussing the doctrine); *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005) (noting the "special context of land-use exactions"). Nothing in *Sheetz* suggests that the Supreme Court was overruling that precedent. To the contrary, the Court's observation that the "*Nollan/Dolan* test is rooted" in "the unconstitutional conditions

doctrine" highlights that the test reflects a *special* application of that doctrine, not a universal one. *Sheetz*, 2024 WL 1588707, at *6-7.  Neither the majority nor any of the concurrences suggest expanding the test beyond its confines.

Defendants detailed in their prior briefs why the unique aspects of the land-use context, described by the Court in *Koontz*, are absent in this case—making the *Nollan/Dolan* test inapplicable.  *See, e.g.*, Defs' Reply Br., ECF No. 63 at 12-13.  The Court's discussion in *Sheetz* reiterate how the *Nollan/Dolan* test addresses the unique and "complicated" features "of the permitting process."  *Sheetz*, 2024 WL 1588707, at *4-5.  That discussion underscores that extending the test outside the land-use context would be an enormous and unjustified leap.


Dated:  April 18, 2024                                  Respectfully submitted,

                                                        BRIAN M. BOYNTON
                                                        Principal Deputy Assistant Attorney General

                                                        MICHELLE R. BENNETT
                                                        Assistant Branch Director

                                                        */s/ Alexander V. Sverdlov*
                                                        ALEXANDER V. SVERDLOV
                                                        CHRISTINE L. COOGLE
                                                         Trial Attorneys
                                                        STEPHEN M. PEZZI
                                                         Senior Trial Counsel
                                                        United States Department of Justice
                                                        Civil Division, Federal Programs Branch
                                                        1100 L Street, NW
                                                        Washington, DC 20005
                                                        Tel: (202) 305-8550
                                                        Email: alexander.v.sverdlov@usdoj.gov

                                                        *Counsel for Defendants*