UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERCK & CO., INC.,<br><br>               Plaintiff,<br><br>    v.<br><br>XAVIER BECERRA, U.S. Secretary of Health and Human Services, *et al.*,<br><br>               Defendants. | Civil Action No. 1:23-cv-01615-CKK |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

      Defendants respectfully submit this notice of supplemental authority to inform the Court of an April 29, 2024 Memorandum Opinion by the United States District Court for the District of New Jersey in a pair of related cases, *Bristol Myers Squibb Co. v. Becerra, et al.*, Case No. 23-3335 (D.N.J) and *Janssen Pharmaceuticals, Inc. v. Becerra*, Case No. 23-3818 (D.N.J) (*BMS/Janssen*).  A copy of the decision is attached to this Notice.  *See* Attach. A.

      Like Plaintiffs here, the plaintiffs in *BMS/Janssen* raised First and Fifth Amendment challenges to the Drug Price Negotiation Program created by the Inflation Reduction Act of 2022, Pub. L. No. 117-169.  Indeed, the arguments presented by the plaintiff in *BMS* were substantively identical to—and, indeed, at times nearly word-for-word copies of—the arguments presented in this case.  In a carefully reasoned opinion, the district court in *BMS/Janssen* rejected those challenges, and granted summary judgment in favor of the Government on all claims.

      The district court "agree[d] with the courts in the Southern District of Ohio, [and] Delaware, and the established case law across several circuits holding that there can be no taking when participating in Medicare is voluntary and it reject[ed] Plaintiffs' attempts to suggest otherwise."  Attach. A at 18.  As the court observed, "[s]elling to Medicare may be less profitable than it was before the institution of the Program, but that does not make [manufacturers'] decision

to participate any less voluntary," meaning that "the Program does not result in a physical taking nor direct appropriation of Plaintiffs' drugs." *Id.*

Likewise, the court concluded that plaintiffs' First Amendment claim failed because "the Program regulates conduct, not speech, and Plaintiffs are not engaging in expressive conduct by participating in the Program or by signing the agreements." *Id.* at 24-25. And, "[h]aving concluded that the Program is not a physical taking, that the Program does not compel Plaintiffs' speech, and that Plaintiffs' participation in the Program is voluntary, the Court" rejected plaintiffs' "unconstitutional conditions doctrine" arguments, finding "'there's no constitutional right in danger of being trampled.'" *Id.* at 25 (quoting oral argument transcript).

Dated:  May 2, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Alexander V. Sverdlov*
ALEXANDER V. SVERDLOV
CHRISTINE L. COOGLE
 Trial Attorneys
STEPHEN M. PEZZI
 Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8550
Email: alexander.v.sverdlov@usdoj.gov

*Counsel for Defendants*